# CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Commonwealth of Virginia

v.

Ethel E. Hayes

September 29, 1992

BY JUDGE JOSEPH E. SPRUILL, JR.

This defendant moves to suppress evidence obtained following her arrest for being drunk in public. The defendant contends that her arrest was unlawful and that any contraband discovered thereafter is inadmissable.

On March 29, 1992, State Trooper J. R. Lyons stopped a vehicle and charged its operator with driving while intoxicated. During the course of the proceedings, the trooper observed the defendant, Ethel E. Hayes, either asleep or unconscious on the right front passenger seat. He saw a bottle of scotch on the seat beside her. He finally aroused Ms. Hayes and asked her to step out of the vehicle. Her eyes were bloodshot, her speech was slurred, there was the odor of alcohol, and "she did not appear to realize, number one, where she was or, number two, what was going on." Lyons placed Hayes under arrest for being drunk in public. Later, while the defendant was being booked at the Northumberland County Sheriff's Department, a pipe allegedly containing cocaine residue was discovered, and the defendant was charged with possession of cocaine.

Defendant claims the search was of her person and purse without a warrant, was not incident to a lawful arrest, and therefore, the evidence thus obtained should be suppressed.

The motion to suppress will be denied.

A search at the jail made as part of the booking procedure is considered for the purposes of this case as a search incident to the arrest. The police had the right, without obtaining a search warrant, to search defendant's person, including her pocketbook, shortly after her arrest and confinement in the county jail and to use the articles as evidence

against her. *Greenfield v. Commonwealth*, 214 Va. 710 (1974). Whether in fact the contraband was discovered in the course of a search is a factual determination yet to be made. If the arrest were invalid, the subsequent search would necessarily be invalid. Thus, the real issue is whether the arrest of this defendant for being drunk in public was valid under the circumstances.

In *Fierst v. Commonwealth*, 210 Va. 757 (1970), the police saw a solitary car parked about 200 feet from a pharmacy which was suspected of having been burglarized. The police saw a man slumped in the car with his head lying back against the seat who appeared to be either unconscious or drunk. The police ordered the man out of the car and subsequently arrested him for being drunk in public. The Supreme Court determined that this arrest was lawful. In *Bethea v. Commonwealth*, 14 Va. App. 474 (1992), by the Court of Appeals, *en banc*, held that the principles which authorize a police officer to order the driver of a lawfully detained vehicle to step out of the car logically extend to encompass a passenger in the vehicle. The Court of Appeals here noted that state courts have consistently held that it is reasonable for a police officer to direct or ask a passenger to exit a vehicle during a traffic stop.

Whether the actions of the officer are reasonable depends on the facts and circumstances of each case. In this case, the trooper was dealing with a passenger who was only semi-conscious. We find that the trooper acted reasonably under the circumstances. Indeed, it would have been unreasonable for the officer to have left the passenger alone, being uncertain as he was of her condition. Upon getting her out of the car and observing her condition, it was proper for him to charge her with being drunk in public. This holding is consistent with the holding in *Fierst*.

The circumstances here do not indicate this was a "pretext arrest." In *Hart v. Commonwealth*, 221 Va. 283 (1980), the officer acknowledged that his arrest of the defendant for being drunk in public was a ruse to investigate a burglary. Here, the officer had no reason to suspect the defendant was involved in a drug violation at the time he arrested her.

The defendant also filed a plea of *Res Adjudicata* and/or Collateral Estoppel, based on rulings of the District Court. The rulings of the District Court in this instance are not binding on this court. *See* Virginia Code § 19.2–60. Therefore, the plea of *Res Adjudicata* and/or Collateral Estoppel is overruled.